AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* CECILIA SALVATORE et al., Defendants.

Supreme Court, Special Term, New York County, November 19, 1954.

*George Kent Weldon* for Cecilia Salvatore, defendant.

*Frederick M. Garfield* for plaintiff.

STEUER, J. Plaintiff, insurance company, brought an action for a declaratory judgment declaring that under its policy it is not obliged to defend three certain actions now pending against defendant, the insured, nor to pay any judgments that may be recovered against defendant in these actions. Defendant counterclaims for a declaratory judgment declaring the exact opposite. It is agreed that there is no question of fact involved. Defendant has moved to dismiss the complaint and for judgment on her counterclaim.

It appears that defendant, as regards residence, divided her time between a house in Levittown owned by her daughter and a house in Warwick, New York, which she rented. She owned a nursing home in Bayside which she conducted as a business and she spent occasional nights there. She owned seven Boxer dogs which she took with her regularly. On July 3, 1953, she visited Bayside, taking the dogs with her and while there three

people claimed they were bitten by the dogs giving rise to the suits aforementioned.

The policy insured defendant against all claims to pay damages because of bodily injury within the policy limits and subject to the declarations, exclusions and limitations thereof. No question of limits is raised. What is relied on is clause (a) of the exclusions which provides that the policy does not apply to '' any business pursuits of an insured other than activities therein which are obviously incident to non-business pursuits; or to the rendering of any professional service or the omission thereof; or to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured.''

It is difficult to see how this exclusion affects the claims which have been made against defendant. Keeping the dogs was not a business pursuit. If going to the nursing home was a business pursuit, which it very likely was, bringing the dogs along was certainly an activity ordinarily incident to nonbusiness pursuits. The rendering of professional service is not involved. Admittedly the premises where the claims arose are premises excluded by the policy insofar as accidents arising out of acts or omissions connected with them are concerned. But these claims had nothing to do with the premises. If the accidents arose in connection with a defect in premises defendant would only be covered if the premises involved were those she stipulated in the policy as her residences. But this does not mean that for claims arising at any other place she is not covered. If the suits arose from acts of the dogs at any other place the plaintiff could not disclaim liability. How they can disclaim because they took place on the premises where defendant conducts a business is not apparent.

Motion granted and the clerk is directed to enter judgment accordingly.